Eastern District of Kentucky
FILED

DEC 0 1 2025

At Pikeville
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 7:25-CR-30-REW

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              **PLEA AGREEMENT**

MICHAEL J. CHILDERS                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information, charging a violation of 18 U.S.C. § 1519, falsification of records. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the sole count of the Information, 18 U.S.C. § 1519, are:

(a) The Defendant knowingly made a false entry in a record;

(b) The Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of a matter; and

(c) The matter was within the jurisdiction of the FBI, an agency of the United States.

1

3. The parties agree that, as to the sole count of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts are true and accurate. The following facts do not encompass all of the evidence that would have been presented had this matter gone to trial:

(a) On April 13, 2021, the Defendant was on duty and acting in his official capacity as a lieutenant at United States Penitentiary ("USP") Big Sandy in Inez, Kentucky.

(b) J.B., an inmate who had requested protective custody, was brought into the lieutenants' office, where there were no security cameras. The Defendant was in the lieutenants' office, along with Lieutenant Terry Melvin, Lieutenant Kevin Pearce, Case Management Coordinator Samuel Patrick, and Captain's Secretary Clinton Pauley.

(c) As J.B. pleaded for protective custody, Lieutenant Melvin commented that he was "tired of this," and that if J.B. had done what he was convicted for to the Defendant's family, J.B. would not be standing there. J.B. continued to plead his case to the Defendant, and Lieutenant Melvin asked J.B., "Have you met Lieutenant Childers?" At that point, J.B. was punched in the face, and the Defendant tackled J.B. to the ground, where all five staff members got on top of J.B., the assault continued, and staff members repeatedly struck J.B. Although he knew that J.B. was not resisting and that there was no lawful reason for staff to use force on him, the Defendant

2

nevertheless took J.B. to the ground, was present during the assault on J.B., and did not stop or try to stop the assault on J.B.

(d) After the assault, Lieutenant Melvin asked the assembled corrections staff, "Who did [J.B.] headbutt?" Although the Defendant knew that J.B. had not headbutted anyone, he understood that Melvin was looking to cover up the assault on J.B. and raised his hand. The Defendant then wrote an incident report in which he falsely claimed that J.B. had struck the Defendant with his head as well as with a closed fist. The Defendant also falsely claimed that J.B caused him to bleed slightly and become dizzy. The Defendant wrote these things knowing they were false, but did so in an attempt to obstruct and impede the administration of justice with respect to the investigation or prosecution of the unlawful assault on J.B., a matter within the jurisdiction of the FBI.

4. The statutory punishment for the sole count of the Information is imprisonment for not more than twenty years, a fine of not more than $250,000.00, and a term of supervised release of not more than three years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. No agreement exists about the Defendant's advisory sentencing guideline range, and the parties may argue in favor of or object to any guideline application with the following exceptions:

(a)    The Defendant agrees he will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. 3B1.2 or a departure motion pursuant to Chapter 5, Parts H and K.

3

(b)     The United States agrees that pursuant to U.S.S.G. 3E1.1, and unless the Defendant commits another crime, obstructs justice, or violates a court order, the offense level determined by the Court at sentencing will be decreased by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.     The defendant understands that any discussions with the Defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The Defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The Defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the Defendant was involved in, the nature and circumstances of the offense, and the history and characteristics of the Defendant. The Defendant understands that a disagreement with the Court's advisory guideline range determination is not grounds for withdrawing his guilty plea.

7.     No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.     The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

4

9.     The Defendant, upon signing this Plea Agreement, knowingly, voluntarily, and expressly waives his rights pursuant to Rule 410(a) of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.  The Defendant understands and agrees that in the event that he violates the Plea Agreement, withdraws his decision to plead guilty, or causes his guilty plea to be later withdrawn or otherwise set aside, any statements he made to law enforcement or to an attorney for the prosecuting authority during plea discussions, and any statements he made during any court proceeding involving his plea of guilty (including any factual bases or summaries, such as those set forth in Paragraph 3 of this Plea Agreement), shall be admissible for all purposes against the Defendant in any and all future criminal proceedings.  The Defendant waives all claims under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this Plea Agreement, or any leads derived from such statements, should be suppressed or are inadmissible.

10.     The United States will recommend releasing the Defendant under appropriate conditions of release for future court appearances pending sentencing if the Defendant does not violate the terms of the order setting conditions of release.

11.     If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12.     This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky, the Criminal Section of the

5

Justice Department's Civil Rights Division, and the Defendant. The United States has not made any other promises to the Defendant.

13.     This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14.     The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 12/1/25          By: _____
Emily Greenfield
Assistant United States Attorney

HARMEET K. DHILLON
ASSISTANT ATTORNEY GENERAL
Civil Rights Division

Date: 12/1/25          By: _____
Tara Allison
Trial Attorney

Date: 10/14/25          _____
Michael J. Childers
Defendant

Date: 10/14/25          _____
Stephen Owens
Attorney for Defendant